Counsel for Appellant, you may proceed. Thank you, Your Honors, and good morning. My name is Michael Bernays. I appear on behalf of Robert Hemmerle. Your Honors, today we present an opportunity for this Court to further expand its examination of Arizona's rules of criminal procedures, and particularly our rules of post-conviction relief. This case presents several issues that, if not entirely controlled by the Arizona rules, certainly are impacted by them. Given our relatively short time to discuss these matters this morning, I would like to focus my attention on the issue that we presented as argument number two, which has to do with the pending of second and subsequent petitions under 28 U.S.C. 2244d-2. In the instant case, Your Honors, Mr. Hemmerle, pro per. Before you get there, could I just ask you, you do agree that the Wixom case controls or not? Well, Your Honor, Wixom and Bunny, and this is as to the 2244d-1a issue. Right. It's the other issue. I think, yes, it is the other issue, Your Honor. I think Wixom and Bunny are compatible, and I think that when you look at the way the Arizona rules and the Arizona court provisions have construed those rules, that the Court could and should find that the finality of the State appellate process is set at the issuance of the mandate because it is still an active case until the court of appeals issues that mandate, not unlike the situation in Bunny and the situation in Payne v. — hold on, if I may, just a moment — Payne v. Chemna from the Eighth Circuit and Tinker v. Moore from the Eleventh Circuit. And so while I think that the overall principle of law discussed in Wixom is controlling, I don't think Wixom itself establishes that in Arizona cases the issuance of the decision is the final step in the State court direct appellate process. Counsel, I have to interrupt for a moment. Could I ask the deputy clerk to start the clock, please? Okay. I would like to reserve some time, Your Honor, for rebuttal as well, so I'll try to keep an eye on the clock for that purpose. We'll give your opposing counsel a little extra time as well because of the clock situation. Well, getting back to the statute, as I understand it, the language is expiration of the time for seeking such review. Isn't that what we're trying to construe? Well, it is, Your Honor, but you have to — you can't do that in a vacuum and ignore the State court pronouncements on that very issue. We've cited in our opening brief a number of State court cases which have decided for the purposes of Arizona law that the appellate review is not final until the mandate has issued and that certain State statute limitations for the purposes of bringing, for example, civil lawsuits based on the resolution of the review, for bringing other issues before other courts based on the resolution of that review, do not begin running until the mandate has issued. I took you on a detour, counsel. I'm sorry. Go ahead. And that's fine. Thank you. Then turning back to the other issue, the situation in this case is that Mr. Hemerly was very dissatisfied with his trial counsel and filed several pro per motions at or around the time of his sentencing. One of those motions was a petition — a notice of petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. This was done more or less contemporaneously with the notice of appeal that was filed on his behalf. And the matter remained pending in the superior court during the time that his appointed counsel were pursuing his direct appeal in the Arizona Court of Appeals. There is nothing in Arizona law which prohibits a petitioner, either pro per or otherwise, from pursuing sort of a dual-track review of his conviction both in the court of appeals and in the trial court at the same time. And when we recognize that, we can see that Arizona has perhaps not as unique a procedure as California does in its original jurisdiction for post-conviction habeas petitions in all three levels of the California courts. It may not be quite that unique, but it is certainly not a straightforward up the ladder, do your direct review, and only then and only then can you begin your collateral review. Because Arizona permits parallel proceedings, we have to look at the law set forth in King v. Roe and recognize that Mr. Hemerly, in this case, had a properly filed, pending, Rule 32 petition before the courts of Arizona from November, I think it was 14th of 2007, all the way until the termination of Arizona's trial. And so we have to look at the Supreme Court's review, that is, their denial of our petition for review on the appellate review of the evidentiary hearing that we received in the trial court. Now, you said 2007. I think you may have said 1997. 1997, okay. I'm sorry. Well, as I look at that, you get to December 1, 1998, when the first PCR is summarily dismissed. That starts the clock at that point, does it not? No, Your Honor. At least for 33 days. I think it does not, because 34 days later, a second petition was filed which elaborated on the claims raised in the first petition, and under King v. Roe, the gap or the interval is included as part of the first full round of postconviction review. Even when it's a second filing? Yes, Your Honor. In King v. Roe, we had second and subsequent filings. In Gaston v. Palmer, we had, I think, six different petitions. Now, in Gaston, they overlapped time-wise. In that case, apparently, the petitioner was filing these original jurisdiction writs in every court he could think of without waiting for resolution. But the decisional basis of that case does not turn on the fact that they're overlapping. And, in fact, in King, they address specifically how we determine whether, and I'm trying to avoid the term successive petitions, because I think that carries a lot of baggage in the decisional case law that I don't intend to import. Well, how do we determine what is or is not a second full or, rather, a new full round? That's the language. It has to do with whether the second petition raises new claims not raised in the first petition, or, conversely, whether they seek, the second petition seeks to elaborate facts in support of the claims that were raised in the first petition. The first petition was just a check-the-box type form. Is that correct? It is correct, Your Honor. And it was done pro per. And Mr. Hemmerle even went beyond what the instructions asked of him by checking boxes that didn't, if one were strictly following the instructions, apply to him in an effort to alert people that he was claiming ineffective assistance of counsel. And this is found in the excerpts of record at 10. And he also hand-wrote that he was complaining about the ineffective assistance of counsel and that it's specifically related to Mr. Thompson, who had been retained in what the Court may be familiar with what we call an Arizona MAP counsel, in other words, private counsel that's retained to assist the appointing counsel in a criminal case. Under Arizona rules, if the Arizona court had found the second petition to be just elaboration of the claims in the first petition, would it have treated it as a successful petition? I know you were trying to avoid that review. Would it have dismissed it for that reason? How would Arizona rules operate between those two petitions? If it had found that the first petition had resolved those claims on the merits, then it would have treated it, I think, as a successive petition. Because that petition, that first petition was dismissed without prejudice, it was not treated, the second one was not treated as a successive and, therefore, barred petition. In fact, the State raised the issue with the State trial court that this second petition was barred because of the first petition, and the trial court specifically rejected that claim. And that can be found, Your Honors, at, if I can get it for you real quickly, ER 27 through 28. The court specifically holds Petitioner is not precluded from raising these issues. So the State trial court treated it as a valid, non-barred, non-precluded petition and went ahead and ruled on the merits. In fact, granted us an evidentiary hearing on one of our issues, denied us an evidentiary hearing on the merits, on the law, if you will, but not on bar or preclusion on the other issue that we were attempting to raise at that time. So the State trial court accorded it this same treatment of being one full round. And I think that, as some of our cases out of this circuit's decisional law have stated, we have to give some comity to the State court's determinations of their own procedures. And if the State court treats it as one full, although interrupted, but nonetheless one full round of litigation on the petition for post-conviction relief, then this Court should accord it that so-called interval tolling or gap tolling that King v. Rowe set forth the test for. And I would like to reserve my time. Roberts. You may do so, counsel. Thank you, Your Honors. Could I ask the Deputy Clerk to increase the time to about 12, make it 12 minutes to make both counsel even? Good morning. Good morning, counsel. My name is Alan Amon for the State. This case requires a pretty straightforward application of 2244-D1A, which governs finality, and 2244-D2, which relates to a pending PCR proceeding. I'd like to point out first that the first issue regarding finality is pretty much immaterial in this case, because under either the State's position or the defendant's position, the habeas is still untimely anyway. The difference between our positions amounts to only three days. And so the bottom line is, under our position, a petition is late by 24 days, and under the defendant's position, it's late by 21 days anyway. So if there's no questions from the Court on this issue, I'd like to move on to what we believe is the controlling issue, which relates to interval tolling. The governing case is King v. Rowe, which provides that a — which provides that interval tolling is available when the second petition is limited to an elaboration of the facts relating to the claims raised in the first petition. The parallel question is whether the second petition attempts to correct deficiencies in the first petition. In the petitioner's first state PCR proceeding, he does not present an effective assistance counsel claim. He merely checked off a box to that effect. He checked off a box saying that he was raising that claim and he named his counsel. So at the bottom, his claim was that my trial counsel was ineffective. He presented no supporting facts or suggestion of exactly how counsel had been ineffective. Just alleging that your counsel is ineffective, standing by yourself, is not an actionable claim. It is merely a category of a claim. The trial court had no basis before on which to grant relief or even a ruling on that claim. That was why the trial court afforded the petitioner almost one year to follow up on his claim by filing a PCR petition, which he never did, and which resulted in the dismissal of that proceeding without prejudice. An ineffective assistance counsel claim for standing alone, just that bare allegation, is almost like a claim that my due process rights were violated, my equal protection rights were violated. That's not an actionable claim without the facts to support it. Without the supporting facts, this Court simply can't identify the nature of that ineffective assistance counsel claim presented in that first proceeding. An ineffective assistance claim, they're not interchangeable or fungible. They are separate and discrete claims that are framed by their respective facts. And we have no facts before us to understand exactly what the nature of this first claim was. So there are no facts present in that first proceeding to anchor or ground the so-called elaboration present in the second petition. There are no facts that we can use to actually relate that second proceeding back to the first. And the second piece of our proceeding does not reference exactly what that first proceeding, what that first claim was. Now, as for the trial court's finding that the second proceeding was not precluded, to be more specific, the trial court found that the second piece of your proceeding was not precluded because it found that Petitioner had never raised that ineffective assistance claim in the first proceeding in the first place. So, in other words, the state court found that that claim was never raised in the first proceeding. So how can we find that it was raised, so to speak, for interrelational purposes? It's contradictory. The bottom line is that without any supporting fact in the first petition, that second piece of your proceeding presented an entirely new claim. It did not attempt to remedy any deficiency in the first proceeding, but it was entirely new. Now, the Petitioner also suggests that we should look at a motion for a new trial. He uses that as evidence of what he had in mind at the time he filed the first proceeding. That was part of a motion to supplement the record filed after the brief second file. And we take a position that this Court should not consider that motion for a new trial because it is not objective, it's not objective evidence that the first proceeding was present in that first piece of our proceeding, but it's only a subjective reflection of what the defendant allegedly had in mind at the time. And if we were to look at that motion, we could also interpret the other way, which is that since he had that claim in mind at the time he filed his first proceeding but yet did not raise that claim, it could also mean that he decided to abandon that claim at the time of the first proceeding. So it could be right either way. And if we also, if we are willing to look at that motion for a new trial, then there is no logical stopping point. At what point do we draw the line between what evidence, what extraneous evidence can be used to try to understand what the defendant had in mind at the time of the first piece of our proceeding? It could be a motion filed with the trial court. It could be a handwritten note between the defendant and his counsel. There is no stopping point. So what we would suggest is to look at the objective evidence of what was presented in that piece of our proceeding itself. And as we've argued here, there was no objective evidence of what the factual nature of the first ineffective assistance claim is. And so, therefore, an interval tolling is unavailable.  I'm finished, thank you. I have a question. A question. Judge Hall. I thought that the first so-called petition was simply a notice that he was going to file a petition, and no petition was ever filed. Is that incorrect? He filed a notice of PCR, and in that notice he checked off the box saying that he was raising an ineffective assistance counsel claim. And then he wrote saying that the counsel in question was just a trial attorney. Then, but he never followed up with any suggestion or identification of what the supporting facts were. He had almost a year to file a follow-up post-conviction relief petition to further identify or explain the nature of the claim, and he never did that. Well, is there no difference between a notice to file a petition and a petition? Well, the customary vehicle for presenting a post-conviction relief claim is through a PCR petition, but sometimes petitioners will give a brief glimpse, so to speak, of what claims they are expecting to present. And so a notice of PCR is typically used just to initiate a PCR proceeding, but occasionally you will find a defendant who will somehow indicate what kind of claim he's expecting to follow up on in a PCR petition. So that's enough for the Arizona court to consider it the same, in effect the same as a petition. I would believe so. Admittedly, I'm not sure, but I think so. I have seen instances where the Court will take what's presented in a notice and find that sufficient to decide on the claim itself. But typically, they will expect that a PCR petition be filed. Thank you. But I think that the controlling point here is that regardless that the notice itself did not present, you know, what was a actionable and effective assistance claim, it was just a category of a claim, and that was it. Thank you, counsel. Thank you very much. Mr. Bernays, you have a little reserved time. Thank you, Your Honor. With regard to the last point from Judge Hall, the petition, notice of petition is what triggers the tolling under 2244d-2 as decided in Eiseley v. Arizona Department of Corrections from this Court. In our case, Mr. Hammerle did, in fact, set forth not just through checkmarks but through handwritten annotations what claim he desired to present. And contemporaneously with the filing of that, he filed a handwritten pro per denominated motion for new trial, which sets out with some specificity the claims that he had against Mr. Thompson and why he thought Mr. Thompson's advice to him and representation of him had fallen below that normally expected level of competency. So I think that the Court can look at that petition and see that there were claims raised there, claims which were dismissed without prejudice, permitted by the Arizona trial court to be refiled some 34 days after that dismissal, treated on the merits, decided on the merits, and that, therefore, that entire line of post-conviction relief litigation should be treated as the one full round of post-conviction litigation to which every convicted defendant is entitled. And that would then toll the entire time period from the filing of the notice on November 14, 1997, through to the ultimate resolution by the Arizona Supreme Court of, I think 2003, is when they denied the petition for review from the court of appeals denial of the petition for review from the trial court's denial of the petition for post-conviction relief. The petition for habeas corpus was then filed February 12, 2004, which would be timely within the context of the statute of limitations. So for all those reasons, Your Honor, we would have to do that. Roberts. Counsel, I have a question with respect to, I gather, the first – well, the notice of post-conviction relief. It's page 10 of the record. It's the – it's dated November 14, 1997. And are you drawing our attention to that handwritten, capitalized language, ineffective assistance of counsel is for associated attorney, and then the names of the attorney, the name of the attorney? And his bar number, yes, Your Honor. Yeah. And that is the particular passage that you're relying on? Yes, Your Honor. And the two check marks immediately above it in which it's asking about are you claiming ineffective assistance of counsel, even though that section says respond only if this is a – if there's been a previous Rule 32, and everybody concedes that this was the very first notice of petition that he had filed. There was no previous one, but he was so eager to put that claim before the courts that he checkmarked those two provisions and added the handwritten notation as well. Thank you, counsel. Thank you, Your Honor. The case just argued will be submitted for decision, and we will proceed to argument
judges: Hall, O'scannlain, Ikuta